## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### ABERDEEN DIVISION

**JOHN THORN**                                                           **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO:** _1:25-CV-072-SA-D_AS

**KIMBERLY-CLARK CORPORATION**                          **DEFENDANT**

                                                        **JURY TRIAL DEMANDED**

_____

### COMPLAINT

_____

**COMES NOW**, John Thorn (hereinafter "Thorn"), by and through counsel, and files this Complaint against Kimberly-Clark Corporation (hereinafter "Kimberly") and would respectfully show unto the Court as follows:

### I. THE PARTIES

1. Plaintiff, Thorn, is an adult resident citizen of Corinth, Alcorn County, Mississippi.

**2.** Defendant Kimberly, is a for-profit Delaware corporation, licensed to do business and in good standing in the state of Mississippi whose registered agent is C. T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232. Kimberly has more than twenty (20) employees.

### II. JURISDICTION AND VENUE

3. This Court has civil rights jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 626 for causes of action arising under the Age Discrimination in Employment Act (ADEA).

4. Venue is proper in the Northern District of Mississippi because the acts complained of occurred within the Northern District of Mississippi.

### III. FACTS

5.  Thorn, currently age sixty-five (65) years old, worked for Kimberly for approximately seventeen (17) years. Thorn's last title was "reliability technician V."

6.  During his employment with Kimberly, Thorn had no negative filings or disciplinary measures on his employment record.  In fact, Thorn was an excellent employee and as late as 2024 was awarded a letter of commendation for his employment.

7.  In approximately 2022, Kimberly hired Cole Newsome (hereinafter "Newsome), who was in his forties at the time, to be Thorn's superior.  From the outset, Newsome for whatever reason consistently treated Thorn more harshly than he treated the other employees.  Newsome's actions toward Thorn amounted to harassment and created a hostile working environment for Thorn.

8.  Shortly after being hired, Newsome began questioning Thorn about when he was going to retire from employment, with the clear indication that Newsome desired for Thorn to leave. Thorn had no intentions of retiring anytime within the near future, but rather, desired to continue working for many years.

9.  On October 3, 2024, Thorn suffered an on-the-job-injury, necessitating that Thorn miss several weeks of work in order for his injury to heal.

10. While Thorn was home recuperating from his injury, Newsome called him and terminated his employment.  During that phone call, when asked why Thorn was being terminated, Newsome stated that Thorn suffered "too many injuries."  In reality, as Thorn's employment record will demonstrate, he has suffered only two (2) work-related injuries during the entire seventeen (17) years of his employment.

11. Newsome had no legitimate reason for terminating Thorn, and the reason cited by

Newsome is not factually accurate.

12. The true motivation for Newsome terminating Thorn was due Newsome's agism, which aligns with his constant inquiries about when Thorn was going to retire, as well as the hostile manner in which Newsome treated Thorn.    At the time of Thorn's termination, he was the oldest employment in the Kimberly plant in Corinth.

13. Thorn filed a Charge of Discrimination with the EEOC, a true and correct copy of which is attached hereto as Exhibit "A."  Thorn  received his Right-to-Sue letter, a true and correct copy of which is attached hereto as Exhibit "B."

14. Plaintiff has exhausted administrative remedies and is entitled to bring this action.

## IV. DISCRIMINATION IN VIOLATION OF ADEA

15. Thorn was discriminated against in violation of the Age Discrimination in Employment Act.

16. Thorn was a member of a protected class because he was over forty (40) years old. Thorn was terminated because of his age.  At the time of his termination, Thorn was qualified for the position he held.  Thorn was treated less favorably than younger employees.

17. Thorn's termination was because of his age. Accordingly, Kimberly violated the Age Discrimination in Employment Act.

18. Kimberly is liable for unlawful age discrimination.  Thorn has suffered lost wages as a result of Kimberly's unlawful age discrimination.

19. Thorn is entitled to compensatory damages in an amount to be determined by a jury. Thorn is entitled to liquidated damages because Kimberly's age discrimination was willful and is also entitled to front pay and his reasonable attorneys' fees.

## VI. DAMAGES

20. Thorn has sustained lost wages as a result of his termination, and has also suffered significant mental anxiety and emotional distress.

21. Thorn is entitled to compensatory damages in an amount to be determined by a jury for all such damages as he has suffered from.

22. Kimberly's discrimination in this case was intentional and egregious such that punitive damages should be imposed. and

23. Thorn is entitled to his reasonable attorneys' fees and to reinstatement, or alternatively, to front pay.

**WHEREFORE, PREMISES CONSIDERED**, Thorn demands judgment against Kimberly for compensatory damages and punitive damages in an amount to be determined by a jury, for reasonable attorneys' fees and for reinstatement, or alternatively, front pay. Thorn demands trial by jury. Thorn further demands such other and more general relief to which he is entitled.

**RESPECTFULLY SUBMITTED**, this the 14th day of May, 2025.

**MCLAUGHLIN LAW FIRM**

By:     /s/ R. Shane McLaughlin
          R. Shane McLaughlin (Miss. Bar No. 101185)
          347 North Spring Street
          P.O. Box 200
          Tupelo, Mississippi 38802
          Telephone:  (662) 840-5042
          Facsimile:  (662) 840-5043
          rsm@mclaughlinlawfirm.com

          **ATTORNEY FOR PLAINTIFF**